**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted October 7, 2010*

Decided October 12, 2010

### Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| **No**. 10-3144 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| SYLVESTER THOMAS,<br>        *Plaintiff-Appellant*, | |
| **v.** | No. 10-C-314<br>William C. Griesbach, *Judge*. |
| J.B. VAN HOLLEN, *et al.*,<br>        *Defendants-Appellees.* | |

**Order**

This appeal is functionally identical to one we resolved less than three months ago. *Thomas v. Van Hollen*, No. 10-2100 (7th Cir. July 23, 2010) (non-precedential disposition). After receiving our order, Thomas filed in the district court a "Motion to Amend and Re-Allege". The motion is not based on any of the federal rules, though Thomas does refer to a mysterious "Common Law Procedure Act of 1852 15+16 Vict ch. 76§64". The district court denied the motion, observing that apart from procedural obstacles it suffered from the same flaw as the original complaint: although Thomas asserts that he was attacked by another inmate, he does not allege the sort of

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

knowledge by the guards that would support liability. See *Farmer v. Brennan*, 511 U.S. 825 (1994). Thomas has filed another appeal.

Our prior decision relied on *Farmer*; Thomas continues to ignore that decision. His latest appellate brief is no better than his last. We told Thomas in July that his position was frivolous and that, if he did not desist, he would be ordered to pay sanctions—and, if he did not pay, he would be subject to a filing bar under *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). We concluded: "If Thomas wants to retain the right to pursue serious grievances, he must immediately desist from all frivolous litigation, and in particular he must not repeat contentions that the judiciary has already told him are unwarranted."

Thomas has done precisely what we told him he must not do: Repeat arguments already held to be frivolous. His current brief does not mention our advice or attempt to deal with any of the substantive problems identified in our order. It has become clear that Thomas is incorrigible.

We therefore give Thomas 14 days to show cause why he should not be fined $2,500 for his persistently frivolous litigation.

AFFIRMED; ORDER TO SHOW CAUSE ENTERED.